109

United States District Court
Southern District of Texas
ENTERED

AUG 3 0 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | |
|---|---|
| EDWARD SOKOLOSKY, § <br>     Plaintiff, § <br> § <br> VS. § <br> § <br> DOW JONES & COMPANY, INC., § <br> et al, § <br>     Defendants. § | CIVIL ACTION NO. B-98-131 |

<u>MEMORANDUM</u>

On July 6, 1998, Barron's, a weekly financial publication owned by Dow Jones, published an article by Richard Karp titled *Nest Egg Cracked*. The article's major premise was that, despite promises of criminal prosecution by top government officials including the Attorney General of the United States, unscrupulous stock brokers were taking advantage of customers with impunity. As an example of this premise, the article described claims by Lydia Liedman that A. G. Edwards & Sons and its Harlingen, Texas, branch manager, Ed Sokolosky had taken advantage of her elderly uncle and aunt, Art and Harriet Newman.

Ms. Liedman filed a lawsuit in Cameron County, Texas, claiming in part that Mr. Sokolosky had managed the Newman's brokerage account between 1987 and 1994, in such a way that it suffered losses and generated more commissions than was proper. According to Ms. Liedman, Mr. Sokolosky executed trades without the Newmans' consent using blank stock powers known as "third party receipts" which he had induced the Newmans to sign. The article went on to repeat allegations from the lawsuit that Mr. Sokolosky had obtained a power of attorney from the Newmans when they were incompetent. Mr. Sokolosky then disposed of some of the

Newmans' personal property at substantially less than market value.

Supposedly, Mr. Sokolosky had arranged for the Newmans to be placed in a nursing home and had Art Newman admitted to the psychiatric ward of a Harlingen hospital. Deposition testimony of a former employee of A. G. Edwards Harlingen branch office told of receiving payments from Mr. Sokolosky drawn on the Newmans' Social Security income for services rendered in "looking in" on the Newmans.

Ms. Liedman's complaints to the SEC, A.G. Edwards, The National Association of Securities Dealers, and Texas regulators were, according to the article, unavailing.

The Barron's article stated that the lawsuit filed by Ms. Liedman against A. G. Edwards and Mr. Sokolosky was settled and the claims against Mr. Sokolosky were dismissed. The settlement agreement contained a non disclosure agreement.

Mr. Sokolosky brought this suit claiming that he has been defamed by Dow Jones, Karp, and Liedman.

Dow Jones, Karp and Liedman have all filed Motions for Summary Judgment.

## ANALYSIS

In their joint Motion for Summary Judgment, (Docket No. 56) Dow Jones and Karp argue that the comments in the article concerning Mr. Sokolosky are true, that they are reports of official proceedings and are privileged, and that they are not statements of fact but of opinion. They further argue that Texas does not recognize "libel by implication" and that Mr. Sokolosky does not have a cause of action for statements that are not "of and concerning him."

Dow Jones and Karp claim that the article in Barron's is privileged because it involves a

2

substantially true report of a judicial proceeding.[1] In support of this argument, Dow Jones and Karp cite *Langston v. Eagle Printing Co.*, 797 S.W.2d 66 (Tex. App. -Waco 1990, no writ). In this case, the Waco Court of Appeals stated:

> An article... is thus privileged, if it is a substantially true account of a judicial proceeding. Although it may greatly exaggerate the libel-plaintiff's misconduct alleged in a judicial proceeding, an article is substantially true if an ordinary reader would not attach any more opprobrium to the plaintiff's conduct merely because of the exaggeration." *Id.* at 69.

Mr. Sokolosky responds to the Dow Jones-Karp argument by claiming that he never acted improperly with respect to the management of the Newmans' affairs and that he prevailed in the lawsuit filed by Liedman.[2] Mr. Sokolosky's complaints about the Barron's article are twofold. First, the article portrayed him falsely as having swindled the Newmans. Second, the article by not including reference to the order which exonerated him did not accurately portray the Liedman state court litigation. As Mr. Sokolosky put it in his response to the Dow Jones-Karp Motion for Summary Judgment, "The capstone of Edward Sokolosky's claim is that Dow Jones, in its preliminary draft of the article, had included language stating that the suit had concluded with a dismissal order exonerating Mr. Sokolosky." (Docket No. 72, page 5)

Mr. Sokolosky's arguments fail because, as previously discussed, the test to applied in this

---

[1] Mr. Sokolosky filed a motion for partial summary judgment requesting this Court to declare as a matter of law that the Fair Report Privilege of § 73.002 of the Texas Civil Practice & Remedies Code does not apply to this case. (Docket No. 23). The Court issued an order denying this motion. (Docket No. 92). Further analysis by this Court has led to the conclusion that the Fair Report Privilege does, in fact, apply to this case.

[2] Sokolosky places great emphasis on the fact that the article did not point out that the order of dismissal in the state action contained language exonerating him from wrongdoing. Apparently this order was entered without a hearing. Under Texas law, findings of fact, in order to be valid, must be made after a hearing. *IKB Industries v. Pro-Line Corp.*, 938 S.W.2d 955 (Tex. App. -Beaumont 1999, pet. filed). By an Order entered on April 18, 2000 (Docket No. 106) this court has found that the facts recited in the state court dismissal order have no force and effect under Texas law.

3

situation is the "substantially true test". After reviewing the arguments and evidence presented by both sides, this Court is of the opinion that the article in Barron's is privileged because it is a substantially true account of a judicial proceeding.

Further, in order to recover for defamation, a private citizen such as Mr. Sokolosky, must demonstrate that the defendants negligently made false and defamatory statements. *Evans v. Dolcefino*, 986 S.W. 2d.69,76 (Tex. App. Houston[1st Dist.]1999, no pet.). It is not enough for Mr. Sokolosky to claim that the article is defamatory by implication. Texas courts do not recognize the right to recover for slander by implication. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640,646 (Tex.1995); *KTRK Television, Inc. v. Fowkes*, 981 S.W.2d 779, 789 (Tex. App. -Houston [1st Dist.] 1998, pet. denied); *Evans v Dolcefino*,986 S.W.2d 69,77(Tex. App.-Houston[1st Dist.]1999, no pet.). Specifically, as the Houston Court of Appeals stated, "The implications of a true statement, however unfortunate, do not vitiate an affirmative defense of truth." *Hardwick v. Houston Lighting & Power*, 943 S.W.2d 183, 185 (Tex. App. - Houston [1st Dist.] 1997, no pet.).

Mr. Sokolosky has argued that the article in Barron's did not accurately portray the Liedman litigation because it did not include a reference to the order which exonerated him from wrongdoing in his dealings with the Newmans. The standard for omission of facts was set out by the Texas Supreme Court in *Huckabee v. Time Warner Entertainment Company L.P.*, 19 S.W. 3$^{d}$ 413 (Tex. 2000). The Court's position is that, "…omission of facts my be actionable if it so distorts the viewers' perception that they receive a substantially false impression of the event." *Id.* at 425. Applying this test to the facts of the case at hand, this Court finds the omission of the language in the dismissal order exonerating Mr. Sokolosky did not distort the reader's perception

4

of the litigation or create a false impression of the events, because the article clearly states that the charges against Mr. Sokolosky were dismissed. Further, the order was obtained without a hearing, thus, as has already been determined by this court, under Texas law the fact findings are of no force and effect.[3]

Mr. Sokolosky might wish that the article had been written differently. However, Texas law does not impose liability in defamation cases for failure to include facts which reflect favorably on the plaintiff. *Evans v Dolcefino*, 986 S.W. 2d 69, 78 (Tex App-Houston [1st Dist.] 1999, no pet.)

In summary, *Nest Egg Cracked* did not portray Mr. Sokolosky in a favorable light. However, since it is a substantially true report of a judicial proceeding against Mr. Sokolosky it is privileged. *Texas Monthly, Inc. v. Transamerican Natural Gas Corporation*, 7 S.W. 3rd 801 (Tex. App.- Houston[1sr Dist.]1999, no. pet.)

The Motion for Summary Judgment filed by Dow Jones and Karp will be **GRANTED**.

DONE at Brownsville, Texas on this 30th day of August, 2000.

John Wm. Black
United States Magistrate Judge

---

[3] Sokolosky has also argued that an early draft of the article stated that the dismissal order had exonerated him. Dow Jones and Karp were not obliged to print a full amplification of the dismissal order. *Evans v Dolcefino*, supra at 78.