163

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
DEC 13 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EDWARD SOKOLOSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-131 |
| | § | |
| LYDIA LIEDMAN, ET. AL, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment Against Defendant Lydia Liedman (Docket No. 121). On January 27, 2000, Liedman's attorney made the following offer:

> Thank you for your client's settlement offer in this case. In response, on behalf of Lydia Liedman, we are offering $100,000 to settle this case and we will need an order of dismissal with prejudice and a full release and settlement of all claims. This offer is being made pursuant to Rule 68 of the Federal Rules of Civil Procedure.

In response, on September 22, 2000, Sokolosky's attorney wrote the following:

> My client, Edward Sokolosky, accepts your client's offer to settle this case at $100,000 as stated in your January, 2000 letter, copy attached.
> You may prepare the order of dismissal with prejudice and the full release and settlement of all claims as stated in you letter and present those to me along with a draft for $100,000.

In the motion for summary judgment, Sokolosky contends that January 27 letter was not a Rule 68 offer, but was rather a settlement offer that was accepted on September 22.

STANDARD OF PROOF

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See*

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material and only disputes about those facts will preclude the granting of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *See Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994) (*citing Anderson*, 477 U.S. at 249). All reasonable doubts and inferences must be decided in the light most favorable to the party opposing the motion. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). Nonetheless, it takes more than "some metaphysical doubt as to the material facts" to satisfy this burden. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). The nonmoving party cannot avoid summary judgment with only conclusory allegations or unsubstantiated assertions. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994). Summary judgment will be granted "against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

This Court must first address whether the January 27 letter amounted to a Rule 68 offer. If it is, in fact, a Rule 68 offer subject to a 10-day time limit for acceptance, then the offer had lapsed by the time Sokolosky accepted. Rule 68 is "an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer." Fed. R. Civ. P. 68. Because Liedman's letter requested a "dismissal with prejudice," the offer does not meet the requirement of "judgment" as contemplated by Rule 68. A defendant cannot invoke Rule 68 with an ambiguous offer. *See Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir.1988).

Liedman next contends that even if the offer of settlement was not a Rule 68 offer subject to a 10-day limit, the offer lapsed because nine months passed before Sokolosky accepted. However, this Court must considered more than merely the length of time between the offer and the acceptance before concluding that the offer had lapsed because it had not been accepted within a reasonable time. Where it is conceded that the offer has not been explicitly withdrawn, the correct test for determining whether the offer has lapsed is the reasonable belief of the parties. If one of the parties believes that the offer has lapsed, then it is necessary to consider whether the belief is reasonable, that is, whether circumstances would lead a party to reasonably believe that the offer has expired. *See Pepsi Cola Bottling Co. v. NLRB*, 659 F.2d 87, 90 (8th Cir. 1981). Length of time between offer and acceptance is only one of the circumstances to be considered.

The offer is, at best, ambiguous. *See Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981*, 836 F.2d 462, 466 (10th Cir.1987) (ambiguity of settlement

3

stipulation is question of law). The Court must, therefore, conduct a hearing and gather evidence from which it can interpret the offer to determine whether or not it was intended as a full settlement of the dispute between the parties to this action. *See id.* (interpretation of an ambiguous contract is question of fact for the district court). By separate order, the Court will set an evidentiary hearing on whether the circumstances surrounding Liedman's January 27 letter would lead a party to reasonably believe that the offer has expired.

Inasmuch as genuine factual issues remain to be decided concerning whether Liedman's settlement offer has lapsed, the Court is precluded from granting summary judgment on the issue. Accordingly, Plaintiff's Motion for Partial Summary Judgment Against Defendant Lydia Liedman (Docket No. 121) is **DENIED**.

DONE at Brownsville, Texas, this 12th day of December, 2000.

_____
John Wm. Black
United States Magistrate Judge

4