173

United States District Court
Southern District of Texas
FILED

FEB 0 8 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD J. SOKOLOSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. B-98-131 |
| | ) | |
| LYDIA LIEDMAN, | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

**DEFENDANT LYDIA LIEDMAN'S FIRST AMENDED ORIGINAL ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Lydia Liedman, and subject to the Court's ruling on this Defendant's Motions to Dismiss and Motion for a More Definite Statement, files this First Amended Original Answer to Plaintiff's Second Amended Complaint, and would show the Court as follows:

1. In response to paragraph 1 of Plaintiff's Second Amended Complaint, Defendant neither admits nor denies because she has insufficient knowledge.

2. In response to paragraph 2, Defendant admits that she may be served at 930 S. 60th St., West Des Moines, Iowa 50266. Defendant neither admits nor denies the paragraph as to other defendants because she has insufficient knowledge.

3. In response to paragraph 3, Defendant admits Plaintiff is alleging the claim as set forth, but denies its validity. Defendant admits that all Defendants and Plaintiff live in different states creating diversity, however, she can neither admit nor deny that the amount in controversy as

to each Defendant exceeds $75,000.00. Defendant denies that this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. In response to paragraph 4, Defendant admits that Dow Jones & Company published in *Barron's* an article entitled "Nest Egg Cracked" and that a true copy is attached as Exhibit 1 to Plaintiff's Second Amended Complaint. Defendant denies the remainder of the paragraph and notes that this Court has finally determined that the *Barron's* article is not actionable as a matter of law.

5. Defendant denies each and every allegation of paragraph 5 except for the fact that she knew of the outstanding counterclaim against her by Sokolosky and that she made contact with *Barron's* in April, 1998.

6. Defendant denies each and every allegation of paragraph 6 except she admits that, prior to May 26, 1998, she supplied Dow Jones and Richard Karp with statements and information about Sokolosky.

7. Defendant denies each and every allegation of paragraph 7 except that she admits that the *Barron's* article did discuss Mr. Sokolosky's conduct and the lawsuit she and others had pursued against Sokolosky and others. Defendant specifically denies that the fact-findings in the "Order of Dismissal" were of any force and effect, as this Court has judicially recognized they are of no force and effect, and that the *Barron's* article was libelous, as this court has held in a final judgment binding on Sokolosky that the *Barron's* article is not libelous.

8. Defendant denies the allegations of paragraph 8.

9. Defendant admits that a letter was sent on her behalf dated January 27, 2000, offering a settlement pursuant to Rule 68, Federal Rules of Civil Procedure, which requires unconditional acceptance within ten days of receipt of the offer. Defendant admits that Sokolosky attempted, by a letter dated September 22, 2000, to "accept" the offer, but denies that the offer was

still outstanding because Plaintiff's counsel had previously orally rejected it and it had been withdrawn, both explicitly and implicitly. Alternatively, Defendant denies that the September 22, 2000, letter was effective in acceptance if the offer were found to be outstanding. Defendant admits that a true copy of the September 22, 2000, letter is attached as Exhibit 4. Defendant denies the remaining allegations and arguments in the paragraph.

10. Defendant denies the allegations of paragraph 10 except that she admits receipt of a copy of the letter attached as Exhibit 5 to the Second Amended Complaint.

11. Defendant is without knowledge concerning the allegations of paragraphs 11 and 12 except that she notes that the Court has entered a summary judgment and final judgment dismissing Sokolosky's claims against Dow Jones and Richard Karp.

12. Defendant admits that the allegations in paragraphs 13, 14, and 16 that Sokolosky has sued her for slander, libel, and intentional infliction of emotional distress based upon her contacts with and comments to Dow Jones and Richard Karp prior to May 26, 1998, but she denies having committed slander or libel and denies the remaining allegations of paragraphs 13 and 14.

13. Defendant denies the allegations of paragraphs 15 and 17 and notes that the court has entered summary judgment that Sokolosky has no fraud claims or claim under Texas Penal Code §32.46.

14. Defendant denies the allegations of paragraphs 18 and 19.

15. Defendant denies all the allegations in the Plaintiff's Second Amended Complaint to the extent that the same are not expressly admitted.

16. Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

## AFFIRMATIVE DEFENSES

17. This defendant would affirmatively plead that Plaintiff released this Defendant from all prior acts up to, and including the dates as set forth in the release, which includes all claims in this action except those asserted in paragraph 18 of Plaintiff's Second Amended Complaint.

18. This Defendant would affirmatively plead that she made no representations to Plaintiff to enter into the settlement and, therefore, could not have induced him into entering it.

19. This Defendant would affirmatively plead that she is not subject to §32.46 of the Texas Penal Code and that it is not a statute upon which a civil action can be based.

20. Defendant pleads as an affirmative defense that Plaintiff is collaterally estopped to complain of the *Barron's* article because of this Court's prior judgment finding that the *Barron's* article "Nest Egg Cracked" is not libelous or defamatory.

21. Defendant denies that she may be sued in the capacity as someone responsible for the publication of the *Barron's* article "Nest Egg Cracked."

22. This Defendant affirmatively pleads the truth or substantial truth of her statements as a defense to each statement she made. She further pleads that her statements were made in good faith in the belief that they were true after her investigation. Furthermore, this Defendant acted without malice.

23. This Defendant would affirmatively plead that she is covered by immunity to the extent she was a litigant making a fair comment on the litigation in which she was involved.

24. This Defendant would affirmatively plead the invalidity of the state court finding concerning Plaintiff in the Order of Dismissal as the order was entered ex parte and without hearing, notice, or evidence presented, not done in open court, and not done in accordance with the other constitutional protections for litigants.

25. Pleading further affirmatively and alternatively, this Defendant alleges that Plaintiff was, and is, a limited purpose public figure and Plaintiff must prove his claims, if he can, by clear and convincing evidence that Defendant published defamatory statements with malice.

26. This Defendant affirmatively and alternatively specifically pleads and relies on §73.003 of the Texas Civil Practice and Remedies Code and other such similar laws and intends to give evidence of (1) all material facts and circumstances surrounding the claim for damages and defenses to the claim; (2) all facts and circumstances under which the alleged libelous publication was made; and (3) the intent with which the publication was made.

27. This Defendant affirmatively alleges the protection afforded by the First and Fourteenth Amendments to the U.S. Constitution and Article I, §8 of the Texas Constitution and other such similar laws as are applicable.

28. This Defendant would plead alternatively the defense of no incremental harm.

29. Defendant would plead that Plaintiff was contributorily negligent, which negligence reduces or bars his recovery, if any.

30. In the alternative, Defendant pleads as an affirmative defense to any claim for costs that it made a Rule 68 offer of judgment in January, 2000 that was not accepted. In the event of any judgment for Plaintiff against Defendant that is less than the offered amount, Defendant is not liable for the costs incurred after the offer.

31. Pleading further, this Defendant would affirmatively plead that a Rule 68 offer of settlement was made by counsel for this Defendant to counsel for Plaintiff. It was not accepted within 10 days after service of the offer and, therefore, it is deemed withdrawn by operation of Rule 68 of the Federal Rules of Civil Procedure.

32. Alternatively, should the Court determine that Defendant's offer was not a Rule 68 offer, this Defendant would affirmatively plead that the offer to settle made by this Defendant to Plaintiff was clearly rejected by Plaintiff's counsel on or about February 14, 2000. On or about that date Plaintiff's counsel requested to try to settle and mediate the case for an amount between these two offers.

33. Alternatively, should the Court determine that Defendant's offer was not a Rule 68 offer, this Defendant would affirmatively plead that the offer to settle made by this Defendant to Plaintiff was not accepted within a reasonable time and, therefore, the offer had lapsed.

34. Alternatively, should the Court determine that Defendant's offer was not a Rule 68 offer, this Defendant would plead that Plaintiff's actions after Defendant's offer of settlement by proceeding with extensive discovery, requiring Defendant to retain and name a number of experts, filing numerous motions, attending a court hearing, and participating in changing the trial date are a clear repudiation of the settlement offer. Plaintiff is estopped from claiming that the offer is still open.

35. This Defendant would affirmatively plead that Plaintiff's allegations of breach of contract against this Defendant are groundless, brought in bad faith, and brought for the purpose of harassment. This Defendant seeks attorneys' fees and court costs for having to defend against this claim.

36. This Defendant herein moves that the Court grant it a dollar-for-dollar credit on all benefits conferred to the Plaintiff in this case due to his dismissal of Dow Jones & Company and Richard Karp. Please see Exhibit "A."

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff take nothing by his suit and this Defendant recover all costs incurred herein and Defendant have such other and further relief, at law or in equity, to which she may show herself justly entitled to receive.

Respectfully submitted,

*[signature]*

David H. Donaldson, Jr.
State Bar No. 05969700
Southern District No. 4891
Attorney-in-Charge
James A. Hemphill
State Bar No. 00787674
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
(512) 495-1400; (512) 499-0094 (Fax)

ATTORNEYS FOR DEFENDANT
LYDIA LIEDMAN

OF COUNSEL:

GEORGE & DONALDSON, L.L.P.
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
(512) 495-1400
(512) 499-0094 (Fax)

Norton A. Colvin, Jr.
Lecia L. Chaney
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
(956) 548-7441
(956) 541-2170 (Fax)

# GEORGE & DONALDSON, L.L.P.
## LAW FIRM

DAVID H. DONALDSON, JR.
(512) 495-1474
dhdonaldi@gdf.com

1100 Norwood Tower
114 West 7th Street
Austin, Texas 78701

TELEPHONE: (512) 495-1400
FACSIMILE: (512) 499-0094
www.gdf.com

September 20, 2000

E. R. Fleuriet, Esq.                                             *via* Telecopy
The Fleuriet Schell Law Firm
621 E. Tyler
Harlingen, Texas 78550

    Re: *Sokolosky v. Dow Jones & Company, Inc.*
        <u>C.A. No. B-98-131; U.S. D.C., S.D. Texas, Brownsville Div.</u>

Dear Mr. Fleuriet:

    I received your letter requesting to have until Wednesday, September 27, to advise us concerning the Plaintiff's position on the motion under Rule 54(b) for final judgment. We are happy to grant that request but we would ask that you let us know by 2:00 p.m. on September 27 so that we may take appropriate steps to reflect your position and file the motion that afternoon.

    In addition, my legal assistant has been refining the Bill of Costs that we expect to present to the Court and has made some alterations. Attached is a revised version that reflects those alterations. The Bill of Costs issues is not one that we have to have answer on by September 27, but we wish to expedite the process by advising you of how our thinking is on the costs so that we may have your input before we have to file them.

    I will be out of the office on the 27th, so if you could please both Jim Hemphill in Austin and Norton Colvin or Lecia Chaney in Brownsville of your position we would appreciate it.

        Sincerely,

        GEORGE & DONALDSON, L.L.P.

        By *[signature]*
           David H. Donaldson, Jr.

DHDjr/db
Attachments

cc: William Gault
    Norton Colvin/Lecia Chaney

EXHIBIT A

# United States District Court

__SOUTHERN__ DISTRICT OF __TEXAS; BROWNSVILLE DIVISION__

Edward Sokolosky

**BILL OF COSTS**

V.

Dow Jones & Company, et al.    Case Number: B-98-131

Judgment having been entered in the above entitled action on _____ against _____.
                                                                    Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk .................................................................................................... | $ 150.00 |
| Fees for service of summons and subpoena ........................................................ | 2,304.95 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case ...... | 46,104.91 |
| Fees and disbursements for printing ..................................................................... | |
| Fees for witnesses (itemize on reverse side) ...................................................... | 74,584.95 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ................... | 17,696.49 |
| Docket fees under 28 U.S.C. 1923 ........................................................................ | |
| Costs as shown on Mandate of Court of Appeals ................................................ | |
| Compensation of court-appointed experts .......................................................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 .......... | |
| Other costs (please itemize) ................................................................................. | |
| TOTAL | $140,841.30 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to:

_____

Signature of Attorney: _____

Name of Attorney: _____

For: _____ Date: _____
    Name of Claiming Party

_____ are taxed in the amount of _____ and included in the judgment.

By: _____
Clerk of Court        Deputy Clerk        Date

**Fees of the Clerk**
  Removal Fee        150.00
                     150.00

**Subpoenas/Service**
                   2,304.95
                   2,304.95

**Depositions/Court Rptr**
  Transcripts       36,273.30
  Videos             9,831.61
                    46,104.91

**Witness Fees/Expenses***
  Witness Fees            1,065.00
  Expert's Retainers     19,350.00 (Includes Plaintiff's Experts)
  Expert Retainers/fees  51,683.07 (Includes Plaintiff's Experts)
  Expert's documents        225.22 (Includes Plaintiff's Experts)
  Witness Depo Site         364.98
  Expert's Travel         1,896.68 (Includes Plaintiff's Expert)
                         74,584.95 (See attached costs breakdown)

**Exemplification/Copies**
**Necessarily Obtained**
  Expert's File              8,879.83
  Official Papers               40.00
  Docket Sheets                 61.25
  Document copies**          8,292.60**
  Document transcription        75.00
  Depo Production              347.81
                            17,696.49 (See attached costs breakdown)
  TOTAL:                  $140,841.30

*Plaintiff's Expert Fees and Costs paid by Defendant Dow Jones

**Document Copies: (extracted from $27,803.40 total shown on attached printout)
  Discovery:          771 pages x 4 (all counsel) =    3,084 x $0.15 =    $  462.60
  Pleadings:        1,132 pages x 6 (counsel & court) = 6,792 x $0.15 =    1,018.80
  Production Documents (See below):
    +Dow Jones            1,740 pages =                                     261.00
    ++Sokolosky           8,238 pages =                                   1,242.45
    +++AG Edwards        11,062 pages =                                   1,659.30
    +++AG Edwards Trust   7,056 pages =                                   1,058.40
    +++Mann files         4,800 pages =                                     720.00
    +++Huddleston files  12,467 pages =                                   1,870.05
                                                                         $8,292.60

+ Provided to Plaintiff
++ Paid for copies from Plaintiff
+++ Paid for copies subpoenaed from relevant third parties

# Sokolosky vs. Dow Jones
### Recoverable Costs

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 9/17/99 | Audiotape Transcription | Monica Weidmann & Assocs | Document production 28 USC § 1920(4) | $75.00 |
|  |  |  | Audiotape Transcription | $75.00 |
| 3/25/99 | Deposition | Esquire Deposition Service | Richard Karp | $730.00 |
| 3/25/99 | Deposition | Esquire Deposition Service | Richard Karp | $515.00 |
| 3/29/99 | Deposition | Esquire Deposition Service | Richard Karp | $279.75 |
| 4/19/99 | Deposition | Gore & Perry Reporting Co. | Kurt Longwerth | $1,358.19 |
| 4/26/99 | Deposition | Richard Courtemanche | Carl May | $630.20 |
| 5/11/99 | Deposition | Bryant & Stingley Inc. | E. Sokolosky Vol. 1 | $1,623.20 |
| 5/19/99 | Deposition | Esquire Deposition Services Inc. | Richard Rescigno | $878.00 |
| 5/20/99 | Deposition | Esquire Deposition Services Inc. | Edwin Finn Jr and Randall Forsyth | $768.60 |
| 5/24/99 | Deposition | Esquire Deposition Services Inc. | Richard Karp | $710.90 |
| 5/24/99 | Deposition | Esquire Deposition Services Inc. | Tom Bloom and Randall Forsyth | $609.25 |
| 5/25/99 | Deposition | Bryant & Stingley Inc. | E. Sokolosky, Vol. 2 | $944.60 |
| 5/26/99 | Deposition | Esquire Deposition Services Inc. | Richard Karp | $373.40 |
| 9/20/99 | Deposition | Monica Weidmann & Assocs | E. Sokolosky | $3,149.05 |
| 9/24/99 | Deposition | Gore Perry Gateway Reporting | Mark Elrod | $596.32 |
| 11/3/99 | Deposition | Gore Perry Gateway Reporting | Clay Grumke | $779.65 |
| 12/22/99 | Deposition | Esquire Deposition Services Inc. | Margaret Barber and Jeffrey Heschorn | $515.65 |
| 12/29/99 | Deposition | Esquire Deposition Services Inc. | Pamela Budz and Jeff Grigsby | $471.02 |
| 1/11/00 | Deposition | Gore Perry Gateway Reporting | Clay Grumke | $500.00 |
| 1/20/00 | Deposition | Esquire Deposition Services Inc. | Randall Forsyth | $291.90 |
| 2/9/00 | Deposition | Honey Vaughn Court Reporters | Debra Mayer and Joan Bofin | $251.75 |
| 2/15/00 | Deposition | Hill Court Reporting | Frances Haynes | $775.00 |
| 2/16/00 | Deposition | San Antonio Litigation Resource | Sean Gillis | $111.81 |
| 2/17/00 | Deposition | Linda S. Roberts & Assocs | Melinda Smith | $123.90 |
| 2/18/00 | Deposition | Bryant & Stingley Inc. | Imogene Sokolosky Brewer and June Sokolosky | $638.83 |
| 2/18/00 | Deposition | Bryant & Stingley Inc. | Sam Hahs | $1,564.50 |
| 2/24/00 | Deposition | Johnston Reporting Services | Lydia Liedman | $2,893.94 |

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 2/28/00 | Deposition | Gore Perry Gateway Reporting | Mark Elrod | $531.25 |
| 3/8/00 | Deposition | Fink & Carney | Joel Kaplan | $2,925.27 |
| 3/10/00 | Deposition | Monica Weidmann & Assocs | J. Alex Huddleston | $793.75 |
| 3/16/00 | Deposition | Bryant & Stingley Inc. | Cristena Franklin and Michael Shane Sullivan | $1,045.60 |
| 3/21/00 | Deposition | Bryant & Stingley Inc. | Rosa Medina | $348.45 |
| 3/21/00 | Deposition | Steve Meader & Assocs | Jerry Sokolosky | $140.74 |
| 3/22/00 | Deposition | Esquire Deposition Services Inc. | Linda Santcoil | $526.76 |
| 4/3/00 | Deposition | Fink & Carney | Joel Kaplan | $2,555.45 |
| 4/14/00 | Deposition | Monica Weidmann & Assocs | Charles Myers | $1,349.75 |
| 5/15/00 | Deposition | Bryant & Stingley Inc. | Juanita Anderson, Anne Catherine Baker and David Merrill | $1,019.20 |
| 5/23/00 | Deposition | Bryant & Stingley Inc. | Al White, Willie Chidester, James Buckingham, John McKelvey, Bob Scoggins and George John | $1,065.05 |
| 5/23/00 | Deposition | Bryant & Stingley Inc. | Victoria Johnston, John Franklin and Barbara Hamilton | $877.40 |
| | | | Deposition | $36,271.30 |
| 5/17/99 | Deposition Document Copies | Blackwell Sanders Peper Martin | Production during Longworth deposition | $347.81 |
| | | | Deposition Document Copies | $347.81 |
| 4/24/00 | Deposition Expense | Rancho Bernardo Inn | Deposition site for Linda Santcoil | $364.98 |
| | | | Deposition Expense | $364.98 |
| 4/20/98 | Deposition Video | Gore & Perry Reporting Co. | Kurt Longworth | $712.50 |
| 4/26/99 | Deposition Video | Fleuriet Schell Law Firm | Deposition videos from underlying case | $720.00 |
| 5/11/99 | Deposition Video | Bryant & Stingley Inc. | E. Sokolosky Vol. 1 | $405.00 |
| 5/11/99 | Deposition Video | Bryant & Stingley Inc. | E. Sokolosky, Day 2 | $405.00 |
| 5/25/99 | Deposition Video | Bryant & Stingley Inc. | E. Sokolosky, Vol. 2 | $405.00 |
| 9/20/99 | Deposition Video | Legal Video Specialists | E. Sokolosky | $1,266.25 |
| 12/8/99 | Deposition Video | Esquire Deposition Services Inc. | Randall Forsyth | $81.50 |
| 12/9/99 | Deposition Video | Esquire Deposition Services Inc. | Pamela Butz and Jeff Grigsby | $111.00 |
| 1/12/00 | Deposition Video | Fidelity Video | Joan Bofin and Debra Mayer | $93.50 |
| 1/31/00 | Deposition Video | Gerald Caligiuri Video Specialist | Lydia Liedman | $873.35 |

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 2/4/00 | Deposition Video | Mark Wolfington | Melinda Smith | $40.00 |
| 2/18/00 | Deposition Video | Bryant & Stingley Inc. | Sam Hans | $357.50 |
| 2/18/00 | Deposition Video | Bryant & Stingley Inc. | Imogene Sokolosky Brewer and June Sokolosky | $302.50 |
| 2/24/00 | Deposition Video | K-Video Inc. | Frances Haynes | $413.76 |
| 3/6/00 | Deposition Video | Bryant & Stingley Inc. | Michael Shane Sullivan and Cristena Franklin | $330.00 |
| 3/7/00 | Deposition Video | Pink & Carney | Joel Kaplan | $250.00 |
| 3/8/00 | Deposition Video | Courtroom Video | Jerry Sokolosky | $140.00 |
| 3/10/00 | Deposition Video | Legal Video Specialists | J. Alex Huddleston | $395.00 |
| 3/21/00 | Deposition Video | Bryant & Stingley Inc. | Rosa Medina | $180.00 |
| 3/29/00 | Deposition Video | Legal Video Specialists | Charles Myers | $561.25 |
| 3/30/00 | Deposition Video | Esquire Deposition Services Inc. | Linda Sankpil | $358.75 |
| 5/20/00 | Deposition Video | Bryant & Stingley Inc. | Juanita Anderson, Ann Catherine Baker and David Merrill | $220.00 |
| 5/22/00 | Deposition Video | Gerald Cafigial Video Specialtie | Lawrence Marcuzzi | $624.75 |
| 5/23/00 | Deposition Video | Bryant & Stingley Inc. | James Buckingham, George John, AJ White, Willie Chidester, John McKelvey and Bob Scoggins | $355.00 |
| | | | **Deposition Video** | **$9,831.61** |
| 9/2/98 | Docket Sheet | Cameron County District Clerk | 28 USC § 1920(4) | $7.50 |
| 10/19/98 | Docket Sheet | Cameron County District Clerk | Certified Copy 28 USC § 1920(4) | $53.75 |
| | | | **Docket Sheet** | **$61.25** |
| 10/19/98 | Document Copies | | 28 USC § 1920(4) | $157.20 |
| 10/28/98 | Document Copies | Legal Matters | 28 USC § 1920(4) | $795.54 |
| 11/4/98 | Document Copies | Legal Matters | 28 USC § 1920(4) | $541.25 |
| 1/18/99 | Document Copies | Total Legal Resource Group, Inc | Litigation copies 28 USC § 1920(4) | $1,791.24 |
| 3/31/99 | Document Copies | Apex Document Management In | Subpoenaed documents | $1,190.56 |
| 4/26/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $126.15 |
| 4/26/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $1,150.91 |
| 4/26/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $435.77 |
| 4/26/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $995.29 |
| 4/28/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $311.78 |

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 4/28/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $829.28 |
| 5/13/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $1,983.86 |
| 5/25/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $299.71 |
| 6/30/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $208.76 |
| 6/30/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $1,376.58 |
| 6/30/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $593.36 |
| 6/30/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $829.45 |
| 7/20/99 | Document Copies | | 28 USC § 1920(4) | $1,202.15 |
| 7/20/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $1,200.80 |
| 7/20/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $653.25 |
| 7/20/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $376.72 |
| 7/28/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $159.13 |
| 8/3/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $1,779.95 |
| 8/3/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $54.13 |
| 8/20/99 | Document Copies | | 28 USC § 1920(4) | $1,114.65 |
| 9/20/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $136.35 |
| 11/19/99 | Document Copies | | 28 USC § 1920(4) | $495.30 |
| 11/30/99 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $81.19 |
| 11/30/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $268.41 |
| 12/9/99 | Document Copies | Legal Matters | 28 USC § 1920(4) | $89.47 |
| 1/18/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $781.57 |
| 1/19/00 | Document Copies | | 28 USC § 1920(4) | $1,568.30 |
| 1/20/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $64.17 |
| 1/20/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $21.65 |
| 1/27/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $177.25 |
| 1/27/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $442.01 |
| 1/27/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $250.73 |
| 1/31/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $442.01 |
| 1/31/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $116.00 |
| 2/21/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $730.74 |
| 2/24/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $178.40 |
| 2/29/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $379.52 |
| 2/29/00 | Document Copies | Apex Document Management In | 28 USC § 1920(4) | $104.44 |

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 3/1/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $109.34 |
| 3/1/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $78.81 |
| 3/1/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $543.10 |
| 3/7/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $101.32 |
| 3/7/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $57.74 |
| 3/7/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $53.19 |
| 3/7/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $35.16 |
| 3/9/00 | Document Copies | Legal Matters | 28 USC § 1920(4) | $240.94 |
| 3/15/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $104.66 |
| 4/13/00 | Document Copies | IKON Document Services | 28 USC § 1920(4) | $187.23 |
| 5/12/00 | Document Copies | Sullivan & Ward | Copies during deposition | $23.48 |
| | | | Document Copies | $27,503.40 |
| 1/7/00 | Expert Document(s) | American Express | Murder of Innocence, Joel Kaplan, Plaintiff's Expert | $19.98 |
| 1/27/00 | Expert Document(s) | American Express | Weinberg, Trade Secrets of Washington Journalists | $38.96 |
| 1/27/00 | Expert Document(s) | American Express | Weinberg, How Investigative Reporters ... | $38.64 |
| 1/27/00 | Expert Document(s) | American Express | Weinberg, Reporter's Handbook | $24.95 |
| 2/8/00 | Expert Document(s) | American Express | Dictionary of Finance ... | $40.64 |
| 2/21/00 | Expert Document(s) | Barnes and Noble | First Amendment and the Fourth Estate, Plaintiff's Expert | $61.75 |
| | | | Expert Document(s) | $225.22 |
| 2/22/00 | Expert Expenses | Steve Weinberg | Travel to Austin | $1,056.60 |
| 4/8/00 | Expert Expenses | Joel Kaplan | Travel expenses, Plaintiff's Expert | $640.08 |
| | | | Expert Expenses | $1,696.68 |
| 7/19/99 | Expert Retainer | Long Chilton Payte & Hardin LLP | Ygnacio Garza | $1,850.00 |
| 8/2/99 | Expert Retainer | Marvin G. Breen | 28 USC § 1920(4) | $7,500.00 |
| 2/20/00 | Expert Retainer | Locke Liddell & Sapp | Raul Gonzalez | $10,000.00 |
| | | | Expert Retainer | $19,350.00 |
| 3/1/300 | Expert Witness Fees | Marvin G. Breen | 28 USC § 1920(3) | $11,480.00 |
| 1/21/00 | Expert Witness Fees | Joel Kaplan | Plaintiff's Expert | $1,750.00 |
| 1/25/00 | Expert Witness Fees | Economic Analysis Group Ltd | Plaintiff's Expert | $1,110.00 |

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 1/31/00 | Expert Witness Fees | Steve Weinberg | 28 USC § 1920(3) | $3,600.00 |
| 2/20/00 | Expert Witness Fees | Joel Kaplan | Plaintiff's Expert | $4,768.75 |
| 2/25/00 | Expert Witness Fees | Long Chilton Payte & Hardin LLP | Ygnacio Garza | $2,057.50 |
| 2/29/00 | Expert Witness Fees | Nancy J. Jones | 28 USC § 1920(3) | $7,492.47 |
| 2/29/00 | Expert Witness Fees | Steve Weinberg | 28 USC § 1920(3) | $7,200.00 |
| 3/14/00 | Expert Witness Fees | Joel Kaplan | Plaintiff's Expert | $4,270.00 |
| 3/27/00 | Expert Witness Fees | Economic Analysis Group Ltd | Plaintiff's expert | $3,800.00 |
| 3/31/00 | Expert Witness Fees | Long Chilton Payte & Hardin LLP | Ygnacio Garza | $1,260.00 |
| 4/1/00 | Expert Witness Fees | Triple R Realty & Appraisal Serv | 28 USC § 1920(3) | $190.00 |
| 5/20/00 | Expert Witness Fees | Joel Kaplan | Plaintiff's expert | $1,715.08 |
| 5/29/00 | Expert Witness Fees | Economic Analysis Group Ltd | Plaintiff's Expert | $898.27 |
| | | | Expert Witness Fees | $51,683.07 |
| 3/6/00 | Expert Witness Fees Document | University Copy Center | Joel Kaplan files and attendance. Plaintiff's Expert | $8,879.83 |
| | | | Witness Fees Document Copies | $8,879.83 |
| 3/30/99 | Official Papers | Secretary of State | For trial exhibits 28 USC § 1920(4) | $30.00 |
| 1/13/00 | Official Papers | Texas Department of Housing | Mobile home title search / Trial exhibit | $10.00 |
| | | | Official Papers | $40.00 |
| 9/10/98 | Removal Fee | U.S. District Court | 28 USC § 1920(1) | $150.00 |
| | | | Removal Fee | $150.00 |
| 12/4/98 | Subpoena Service | Markell & Associates | A.G. Edwards | $35.00 |
| 1/5/99 | Subpoena Service | Sweeney Court Reporting Servic | Lydia Liechman | $35.00 |
| 1/5/99 | Subpoena Service | Sweeney Court Reporting Servic | Lydia Liechman | $35.00 |
| 4/1/99 | Subpoena Service | Richard Courtemanche | Carl May deposition | $50.00 |
| 8/8/99 | Subpoena Service | Markell & Associates Inc. | A.G. Edwards Trust | $75.00 |
| 9/14/99 | Subpoena Service | Markell & Associates Inc. | A.G. Edwards & Sons | $60.00 |
| 1/14/00 | Subpoena Service | CNY Process Service | Joel Kaplan | $50.00 |
| 1/19/00 | Subpoena Service | Capitol Process Servers | Charles Myers | $60.00 |
| 2/22/00 | Subpoena Service | Professional Civil Process | Van Kampen Funds | $55.00 |
| 2/23/00 | Subpoena Service | Oklahoma Legal Process Servic | Gladys May | $50.00 |
| 3/2/00 | Subpoena Service | Professional Civil Process | Sokolosky reputation witnesses | $360.00 |

| Date | Description | Vendor | Notes | Amount |
|---|---|---|---|---|
| 3/6/00 | Subpoena Service | Oklahoma Legal Process Servic | Jerry Sokolosky | $50.00 |
| 3/7/00 | Subpoena Service | Legal Support Services | Lawrence Marcucci | $35.00 |
| 3/7/00 | Subpoena Service | Markell & Associates Inc. | A.G. Edwards & Sons | $55.00 |
| 3/14/00 | Subpoena Service | Advanced Attorney Services Inc. | Linda Santxpill | $29.95 |
| 3/31/00 | Subpoena Service | Professional Civil Process | Plaintiff's reputation witnesses | $1,280.00 |
| | | | Subpoena Service | $2,304.95 |
| 9/1/99 | Witness Fee | Clay Grumke | 28 USC § 1920(3) | $40.00 |
| 9/1/99 | Witness Fee | Marx Elrod | 28 USC § 1920(3) | $40.00 |
| 1/14/00 | Witness Fee | Joel Kaplan | Plaintiff's Expert | $40.00 |
| 2/25/00 | Witness Fee | Gladys May | 28 USC § 1920(3) | $45.00 |
| 2/25/00 | Witness Fee | Jerry Sokolosky | 28 USC § 1920(3) | $45.00 |
| 3/1/00 | Witness Fee | Linda Santxpill | 28 USC § 1920(3) | $45.00 |
| 3/6/00 | Witness Fee | Lawrence L. Marcucci | 28 USC § 1920(3) | $45.00 |
| 3/21/00 | Witness Fee | John Garner | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Vicki Johnston | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Sid Brown | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | James Buckingham | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Willie Chidester | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Thomas A. Clark | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | John Franklin | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Barbara Hamilton | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | George John | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Eric Ziehe | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Newton Liddell | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | John McKelvey | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Bob Scoggins | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Louise Smith | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Walther Thrall | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Al White | Plaintiff's Reputation Witness | $45.00 |
| 3/21/00 | Witness Fee | Terry Gray | Plaintiff's Reputation Witness | $45.00 |
| | | | Witness Fee | $1,065.00 |
| | | | Total Recoverable Costs: | $180,352.70 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 5 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EDWARD SOKOLOSKY § § § | |
| V. § § § | CIVIL ACTION NO. B-98-131 JURY DEMANDED |
| DOW JONES & CO., INC., RICHARD § KARP AND LYDIA LIEDMAN § | |

### DEFENDANT LYDIA LIEDMAN'S MOTION FOR LEAVE TO FILE DEFENDANT'S FIRST SUPPLEMENTAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lydia Liedman, one of the Defendants in the above styled and numbered cause and makes and files this, her Motion for Leave to File Defendant Lydia Liedman's First Supplemental Answer in response to Plaintiff's Second Amended Complaint and would show unto the Court as follows:

I.

This Defendant requests leave of Court as required by the Court's Order in order to file Defendant Lydia Liedman's First Supplemental Answer in response to Plaintiff's Second Amended Complaint. Defendant requests leave as a matter of right to respond to Plaintiff's latest allegations.

WHEREFORE, PREMISES CONSIDERED, this Defendant prays that the Court grant leave to file Defendant Lydia Liedman's First Supplemental Answer in response to Plaintiff's Second Amended Complaint which is attached hereto and for such other and further relief, at law or in equity, to which this Defendant may show herself justly entitled to receive.

SOKOLOSKY/LIEDMAN: MTNLVANS
PAGE 1

Respectfully submitted,

By: _____
William Gault
Federal ID No. 14685
State Bar No. 07765050
Michael Raye
Federal ID No. 24401
State Bar No. 24013382
1205 North Expressway 83
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:
BRIN & BRIN, P.C.
1205 North Expressway 83
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEYS FOR DEFENDANT
LYDIA LIEDMAN

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 24th day of October, 2000.

| | |
|---|---|
| Mr. E. R. Fleuriet<br>Fleuriet, Schell Law Firm<br>621 E. Tyler<br>Harlingen, Texas 78550 | VIA CM#7099 3220 0000 1380 0150 |
| Mr. David Donaldson<br>George & Donaldson, L.L.P.<br>1100 Norwood Tower<br>114 West 7th Street<br>Austin, Texas 78701 | VIA REGULAR MAIL |
| Mr. Jorge C. Rangel<br>The Law Offices of Jorge C. Rangel, P.C.<br>615 Upper North Broadway,<br>Suite 900-WF238<br>Corpus Christi, Texas 78403 | VIA REGULAR MAIL |
| Mr. Norton Colvin<br>Rodriguez, Colvin & Chaney, L.L.P.<br>1201 E. Van Buren St.<br>Brownsville, Texas 78520 | VIA REGULAR MAIL |

_____
William Gault

SOKOLOSKY/LIEDMAN: MTNLVANS
PAGE 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD SOKOLOSKY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-98-131 |
| | § | JURY DEMANDED |
| DOW JONES & CO., INC., RICHARD KARP AND LYDIA LIEDMAN | § | |

## ORDER GRANTING LEAVE TO FILE DEFENDANT LYDIA LIEDMAN'S FIRST SUPPLEMENTAL ANSWER

Came on to be considered Defendant's Motion for Leave to File Defendant's First Supplemental Answer to Plaintiff's Second Amended Complaint and the Court, after considering such Motion, is of the opinion that Defendant is granted leave to file her First Supplemental Answer to Plaintiff's Second Amended Complaint and the Court considers this Answer filed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant is granted leave to file her First Supplemental Answer to Plaintiff's Second Amended Complaint and the Court considers this Answer filed.

SIGNED AND ENTERED, this the _____ day of _____, 2000.


_____
Judge Presiding

Copies to:

Mr. E.R. Fleuriet, Fleuriet, Schell Law Firm, 621 E. Tyler, Harlingen, Texas 78550
Mr. William Gault, Brin & Brin, P.C., 1205 N. Expressway 83, Brownsville, Texas 78520
Mr. David Donaldson, George & Donaldson, 1100 Norwood Tower, 114 W. 7th St., Austin, Texas 78701
Mr. Jorge Rangel, The Law Offices of Jorge C. Rangel, 615 Upper N. Broadway, Suite 900-WF238, Corpus Christi, Texas 78403
Mr. Norton Colvin, Rodriguez, Colvin & Chaney, 1201 E. Van Buren St., Brownsville, Texas 78520