*182*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 1 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EDWARD SOKOLOSKY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-131 |
| | § | |
| DOW JONES & CO., INC., RICHARD | § | |
| KARP AND LYDIA LIEDMAN | § | |

## MEMORANDUM

On January 27, 2000, the attorney for Lydia Liedman ("Liedman") sent a letter to the attorney for Ed Sokolosky ("Sokolosky") offering to settle Sokolosky's claims against Liedman for $100,000.00. The letter was in response to an offer made by Sokolosky. The January 27, 2000, letter, absent formal parts, reads:

> Thank you for your client's settlement offer in this case.
> In response, on behalf of Lydia Liedman, we are offering
> $100,000.00 to settle this case and we will need an order
> of dismissal with prejudice and a full release and settlement
> of all claims. This offer is being made pursuant to Rule 68 of
> the Federal Rules of Civil Procedure.

Sokolosky's attorney did not accept or reject this offer. Trial preparations continued at a rapid and expensive pace.

On September 22, 2000, Sokolosky's lawyer wrote a letter accepting the $100,000.00 offer. Liedman's attorney's response was that the offer had a ten day time limit because of the reference to Fed. R. Civ. P. 68. Liedman's attorney also referred to the passage of time and the expenses incurred since the January 27, 2000 offer.

By Order entered December 13, 2000, (Docket No. 163) this court determined that because

of its ambiguity the January 27, 2000 letter did not qualify as a Fed. R. Civ. P. 68 offer of judgment. As the Seventh Circuit has stated, ambiguities in Rule 68 offers must be resolved against the defendant, *Webb v. James*, 147 F.3d 617 (7th Cir. 1998).

A hearing was held on March 8, 2001, for the purpose of resolving the ambiguity contained in the January 27, 2000 letter.

Neither Liedman nor her attorney ever withdrew the offer contained in the January 27, 2000 letter. While it is true that Sokolosky's attorney attempted to negotiate a settlement during the months following the January 27, 2000 letter, there was never an explicit rejection of that offer. The attempts to negotiate were rebuffed. Efforts to negotiate which were rejected by Liedman are not tantamount to a counteroffer. It is apparent from the evidence in this case that Sokolosky's attorney was very careful to avoid making a counteroffer which would have operated as a rejection.

Liedman's offer had no date limiting the time it could be accepted. It was accepted by the letter of September 27, 2000 sent by Sokolosky's attorney to Liedman's attorney.

SIGNED at Brownsville, Texas, this 1st day of May, 2001.

John Wm. Black
United States Magistrate Judge

2